ATTORNEY GENERAL LOVING HAS RECEIVED YOUR REQUEST FOR AN INFORMAL OPINION IN WHICH YOU ASKED, IN EFFECT: 71. IS THERE A PROHIBITION OR CONFLICT OF INTEREST FOR THE EXECUTIVE DIRECTOR OF VERD ARK CA CERTIFIED DEVELOPMENT CORPORATION TO SERVE AS LEGAL COUNSEL TO THE EASTERN OKLAHOMA DEVELOPMENT DISTRICT (EODD), ALSO KNOWN AS THE COUNSEL OF LOCAL GOVERNMENTS OR SUB-STATE PLANNING AND ECONOMIC DEVELOPMENT DISTRICT?
2. IS THERE A PROHIBITION OR CONFLICT OF INTEREST FOR VERD ARK CA BOARD MEMBERS TO SERVE AS EODD BOARD MEMBERS OR OFFICERS?
BECAUSE YOUR REQUEST INVOLVES THE DETERMINATION OF FACTUAL ISSUES BEYOND THE SCOPE OF A FORMAL ATTORNEY GENERAL OPINION, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMATION LETTER.
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTIONS YOU HAVE RAISED.
IN REGARD TO YOUR FIRST QUESTION, THIS OFFICE HAS BEEN ADVISED BY WAY OF BACKGROUND INFORMATION THAT VERD ARK CA AND THE EODD COMPETE FOR THE SAME GRANTS AND CONTRACTS. A REVIEW OF OKLAHOMA LAW DOES NOT REFLECT THAT A STATUTORY PROHIBITION OR CONFLICT OF INTEREST EXISTS TO PROHIBIT, AS A MATTER OF LAW, THE EXECUTIVE DIRECTOR OF VERD ARK CA FROM SERVING AS ATTORNEY FOR EODD. THE DUAL OFFICE HOLDING STATUTE, 51 O.S. 6 (1991) , AND OTHER CONFLICT OF INTEREST STATUTES RELATED TO STATE EMPLOYEES, OFFICERS, OR AGENCIES (FOR EXAMPLE, 74 O.S. 1991, 4241, ET SEQ.) DO NOT APPLY TO THIS SCENARIO.
IT IS FUNDAMENTAL TO THE PRACTICE OF LAW THAT AN ATTORNEY MUST MAINTAIN THE CONFIDENCE AND SECRETS OF HIS CLIENT. 5 O.S. 2 (1991). AN ATTORNEY MAY REPRESENT CONFLICTING INTEREST ONLY UPON FULL DISCLOSURE TO ALL PARTIES CONCERNED OF ALL OPERATIVE FACTS AND THEN ONLY WITH THE CONSENT OF ALL CONCERNED. IN RE GOWDY, 136 OKL. 370, 36 P.2D 902 (OKLA.1934). IN ADDITION, RULES OF PROFESSIONAL CONDUCT FOR ATTORNEYS IN THIS STATE STRICTLY PROSCRIBE ACTION BY AN ATTORNEY WHICH MAY INVOLVE A CONFLICT OF INTEREST. (RULES OF PROFESSIONAL CONDUCT 1.7 AND 1.8) IN THE EVENT OF SUCH CONFLICTS, THE PARTIES INVOLVED MUST BE APPRISED OF THE FACTS AND MUST CONSENT THERETO. WHILE COUNSEL FOR THE EODD MIGHT NOT BE STRICTLY CONSIDERED A GOVERNMENT EMPLOYEE, IT IS ALSO USEFUL TO NOTE DICTUM OF THE OKLAHOMA SUPREME COURT IN THIS REGARD: "GOVERNMENT OFFICIALS AND EMPLOYEES MUST EXERCISE GREAT CARE TO AVOID EVEN THE APPEARANCE OF IMPROPRIETY IN THEIR DUTIES; FOR THEY, LIKE CAESAR'S WIFE, MUST BE ABOVE REPROACH."
WESTINGHOUSE ELECTRIC CORP. V. GRAND RIVER DAM AUTHORITY, 720 P.2D 713, AT 717, 718 (OKLA.1986).
IN THE PRESENT REQUEST, HOWEVER, WHETHER THE EXECUTIVE DIRECTOR OF VERD ARK CA, BY ACTING AS COUNSEL FOR THE EODD, HAS CREATED OR MAINTAINED A CONFLICT OF INTEREST WOULD CONSTITUTE A QUESTION OF FACT BETTER RESOLVED BY THE OKLAHOMA BAR ASSOCIATION, WHICH HAS JURISDICTION OVER SUCH MATTERS. IT IS NOT APPROPRIATE FOR THIS OFFICE TO ATTEMPT TO RESOLVE QUESTIONS OF FACT. 74 O.S. 18B.
BACKGROUND INFORMATION RELATED TO YOUR SECOND QUESTION REFLECTS THAT EODD WAS ORGANIZED PURSUANT TO THE OKLAHOMA INTERLOCAL COOPERATION ACT, 74 O.S. 1001, ET SEQ. (THE "ACT"), IN 1973 (ALTHOUGH IT APPEARS TO HAVE BEEN APPROVED BY THEN ATTORNEY GENERAL LARRY DERRYBERRY IN APRIL, 1971). MEMBERSHIP IS ALLOWED THEREIN PURSUANT TO SECTION IV TO INCLUDE PUBLIC AGENCIES WITHIN THE COUNTIES THE ASSOCIATION SERVES. SECTION IV, SUBSECTIONS 2 AND 3 ALLOW, IN ADDITION, NON-PUBLIC ENTITIES TO MAINTAIN "ASSOCIATE" AND "PARTICIPATING" MEMBERSHIPS, THE LATTER UPON PAYMENT OF AN ANNUAL ASSESSMENT. INFORMATION REFLECTS THAT THE CURRENT CHAIRMAN OF THE EODD REPRESENTS PRIVATE BUSINESSES AND THAT OTHER BOARD MEMBERS ARE NOT AFFILIATED WITH PUBLIC ENTITIES.
SECTION 1004 OF THE ACT PROVIDES, IN PART:
 "(A) ANY POWER OR POWERS, PRIVILEGES OR AUTHORITY EXERCISED OR CAPABLE OF EXERCISE BY A PUBLIC AGENCY OF THIS STATE MAY BE EXERCISED AND ENJOYED JOINTLY WITH ANY OTHER PUBLIC AGENCY OF THIS STATE, AND JOINTLY WITH ANY PUBLIC AGENCY OF ANY OTHER STATE OR OF THE UNITED STATES TO THE EXTENT THAT LAWS OF SUCH OTHER STATE OR OF THE UNITED STATES PERMIT SUCH JOINT EXERCISE OR ENJOYMENT. ANY AGENCY OF THE STATE GOVERNMENT WHEN ACTING JOINTLY WITH ANY PUBLIC AGENCY MAY EXERCISE AND ENJOY ALL OF THE POWERS, PRIVILEGES AND AUTHORITY CONFERRED BY THIS ACT UPON A PUBLIC AGENCY.
 (B) ANY TWO OR MORE PUBLIC AGENCIES MAY ENTER INTO AGREEMENTS WITH ONE ANOTHER FOR JOINT OR COOPERATIVE ACTION PURSUANT TO THE PROVISIONS OF THIS ACT. APPROPRIATE ACTION BY ORDINANCE, RESOLUTION OR OTHERWISE PURSUANT TO LAW OF THE GOVERNING BODIES OF THE PARTICIPATING PUBLIC AGENCIES SHALL BE NECESSARY BEFORE ANY SUCH AGREEMENT MAY ENTER INTO FORCE(.)"
(EMPHASIS ADDED.)
IT IS, OF COURSE, NECESSARY IN THE INTERPRETATION OF STATUTES TO FOLLOW THE PLAIN INTENT OF THE LEGISLATURE. CARTWRIGHT V. GEORGIA PACIFIC CORP., 663 P.2D 718 (OKLA.1982). WORDS IN STATUTES ARE TO BE GIVEN THE ORDINARY MEANINGS UNLESS OTHERWISE DEFINED BY THE LEGISLATURE. (25 O.S. 1) HOWEVER, SECTION 74 O.S. 1003 OF THE ACT PROVIDES A DEFINITION FOR " PUBLIC AGENCY " AS FOLLOWS:
 "FOR THE PURPOSES OF THIS ACT, THE TERM "PUBLIC AGENCY" SHALL MEAN ANY POLITICAL SUBDIVISION OF THIS STATE; ANY AGENCY OF THE STATE GOVERNMENT OR OF THE UNITED STATES; EACH AND EVERY PUBLIC TRUST OF THIS STATE REGARDLESS OF WHETHER THE BENEFICIARY OF SUCH TRUST IS A MUNICIPALITY, A COUNTY, OR THE STATE OF OKLAHOMA EXCEPT THE OKLAHOMA ORDNANCE WORKS AUTHORITY; AND ANY POLITICAL SUBDIVISION OF ANOTHER STATE."
WHERE THE LEGISLATURE HAS DEFINED A TERM, THAT DEFINITION PREEMPTS THE COMMON MEANING THEREOF. 25 O.S. 2. SEE ALSO MINNIX V. STATE, 282 P.2D 772 (OKL.CR.1955).
IN THIS LIGHT, THE SPECIFIC GRANT OF AUTHORITY FROM THE LEGISLATURE ALLOWED PUBLIC ENTITIES, AND ONLY SUCH, TO ENTER INTO COOPERATIVE AGREEMENTS. THIS WOULD SEEM TO BE REINFORCED IN SECTION 1004 BY THE CONSISTENT USE OF THAT TERM BY THE LEGISLATURE IN THE LANGUAGE OF THAT SECTION. A REVIEW OF CASES LITIGATED AND ATTORNEY GENERAL OPINIONS ISSUED IN REGARD TO THE ACT REFLECTS THE INTENT OF THE LEGISLATURE TO ALLOW PUBLIC AGENCIES ONLY TO JOIN TOGETHER UNDER THE ACT. ROLLOW V. WEST, 479 P.2D 962 (OKLA. 1971), A.G. OPIN. NO. 76-185, A.G. OPIN NO. 79-147. AN AGENCY HAS ONLY THOSE POWERS EXPRESSLY GRANTED OR NECESSARILY IMPLIED FROM A STATUTE WHICH GRANTS EXPRESS POWERS. MARLEY V. CANNON, 618 P.2D 401 (OKLA. 1980). FURTHERMORE, WHERE PUBLIC POLICY IN A STATUTE IS CLEAR AND UNAMBIGUOUS, ADMINISTRATIVE OFFICERS CHARGED WITH ITS ENFORCEMENT MUST COMPLY WITH THE STATUTE. DUNCAN V. ASKEW, 251 P.2D 515 (OKLA. 1953). THE EXPRESS LANGUAGE OF THE ACT ALLOWS PUBLIC AGENCIES TO JOIN TOGETHER. THE POLICY OF THE ACT CLEARLY INTENDS ONLY PUBLIC ENTITIES TO COOPERATE THEREUNDER. 74 O.S. 1001. THERE IS NO EXPRESS AUTHORITY FOR A NON-PUBLIC ENTITY TO HAVE ACTIVE INVOLVEMENT WITH EODD AND NONE WOULD APPEAR NECESSARILY IMPLIED FROM THE ACT. AS SUCH, THERE IS NO AUTHORITY FOR THE EODD TO ALLOW ANY PRIVATE OR NON-PUBLIC ENTITIES TO HAVE, OBTAIN OR MAINTAIN MEMBERSHIP OR BOARD MEMBERSHIP. THIS WOULD APPLY TO VERD ARK CA AND ALL OTHER PRIVATE ENTITIES NOW AFFILIATED WITH EODD.
A REVIEW OF CONFLICT OF INTEREST STATUTES INDICATES THAT THEY DO NOT APPLY TO THE QUESTIONED SITUATION. TITLE 51 OF THE OKLAHOMA STATUTES, 6, PROHIBITS OFFICERS AND DEPUTIES OF OFFICES CREATED UNDER THE LAWS OF THIS STATE, COUNTIES THEREIN AND MUNICIPALITIES FROM HOLDING MORE THAN ONE SUCH OFFICE AT A TIME. IN THE PRESENT SITUATION, A VERD ARK CA BOARD MEMBER IS NOT BY THAT STATUS A STATE, COUNTY OR MUNICIPAL OFFICER SO THAT A POSITION ON THE EODD BOARD WOULD CONSTITUTE DUAL OFFICE HOLDING. NO OTHER STATUTE APPEARS TO PROHIBIT SUCH A SITUATION.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT:
 THE QUESTION OF WHETHER THE EXECUTIVE DIRECTOR OF VERD ARK CA, BY ACTING AS COUNSEL FOR THE EODD HAS CREATED OR MAINTAINED A CONFLICT OF INTEREST WOULD CONSTITUTE A QUESTION OF FACT TO WHICH THIS OFFICE CANNOT RESPOND; AND THERE IS NO LEGAL CONFLICT OF INTEREST PER SE FOR A VERD ARK CA BOARD MEMBER TO SERVE AS AN EODD BOARD MEMBER. WHETHER A CONFLICT OF INTEREST MIGHT ARISE FROM A GIVEN SITUATION IS A QUESTION OF FACT. HOWEVER, EODD HAS NO AUTHORITY TO ALLOW ANY NON-PUBLIC ENTITY, AS DEFINED BY THE ACT, TO HAVE, OBTAIN OR MAINTAIN MEMBERSHIP IN THE EODD OR TO HOLD THE POSITION OF EODD BOARD MEMBER.
(JAMES ROBERT JOHNSON)